CLAUDIO VINCENTY SIMIDEI, Appellant, v. REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 972. Submitted March 2, 1936.—Decided March 27, 1936.

*Rafael A. Saliva* for appellant. The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Claudio Vincenty Simidei, a married man, filed a petition for a decree of ownership in the District Court of Mayagüez. He alleged that he had acquired the land in question before his marriage, fourteen *cuerdas* by purchase from Ramón Gabino Fradera in 1918 and sixty-nine and fifty-five hundredths *cuerdas* by purchase from Oliva Cruz Santana in 1904. The petition contained various other averments. The decree recited that testimony had been taken to the entire satisfaction of the court and declared that the ownership of the property described in the petition, a parcel of eighty-three and fifty-five hundredths *cuerdas,* had been established. There

was no specific finding as to whether the land was community property or the separate property of petitioner. It provided that the property should be recorded in the name of Vincenty in the registry of property. It did not say that the property should be recorded as a separate property of Vincenty. A registrar of property recorded the decree subject to a curable defect in that Vincenty had not presented in the registry of property anything to show that he had acquired the property before his marriage.

Vincenty appeals and says that the registrar exceeded his authority. If the district court had passed upon the question of separate ownership, appellant would be right. As we have shown, however, the district court did not do this. As pointed out by the registrar, it necessarily appears from the record entry as made, that Vincenty was claiming the land as his separate property. From the decree of dominion title it did not appear that the district court had decided the question as to whether or not the land was the separate property of Vincenty. In the absence of such a judicial determination, it was presumptively community property.

We find no error in the registrar's ruling. It must be affirmed.